## J. J. SYLVESTER ET AL.

### v.

### AUGUSTA A. HALL ET AL.

*Real Property—Lease of Right to Dig Coal in.*

In a controversy arising out of a contract providing for the mining of coal under certain real estate, a general demurrer having been sustained to each count of the declaration, this court holds, upon consideration thereof, that the first and third counts are good and that as to them the demurrer should have been overruled, but as to the rest, that it should have been allowed to stand.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of Perry County; the Hon. B. R. BURROUGHS, Judge, presiding.

On the 7th day of May, A. D. 1888, plaintiffs and defendants entered into a certain contract under seal, on which

the plaintiffs brought suit and filed their declaration, containing five counts. The first count avers the execution of the instrument under seal, and sets out the contract *in haec verba*, and avers thereby defendants leased to plaintiffs the right to mine and remove coal underlying certain lands described, excepting certain parts of said lands, and further avers that by the terms of the contract the defendants covenanted that they were lawfully seized of said real estate, with power to lease for coal mining purposes, and warranted the peaceable possession to the plaintiffs, and aver the breach that the plaintiffs could not peaceably enter upon said real estate and mine the coal thereunder, and that the Jupiter Mining Company, a corporation organized under the laws of the State of Illinois, evicted and dispossessed the plaintiffs from said real estate and were lawful owners thereof.

The second count avers the leasing of certain lands for the purpose of mining coal thereunder, and that prior thereto the coal had been removed therefrom, whereby the said land was a loss to the plaintiffs for the purpose for which it was leased. The third count avers that by the terms of the contract the defendants did covenant and agree to sell the plaintiffs at any time within one year from the date of the contract certain lands therein described, and would convey the same by good and sufficient warranty deed for the consideration of $20,000, with six per cent interest from date, and that it was further stipulated and covenanted that should such purchase be made by the plaintiffs, then all royalty paid by the Frizzell Coal Mining Company should be credited on the amount of the purchase price and considered a part of the purchase money paid by plaintiffs to the defendants; and avers the purchase by plaintiffs in accordance with the contract and the making of the deed, and further avers that the Frizzell Coal Mining Company paid the defendants royalty after the date of the contract and before the purchase by plaintiffs the sum of $2,000, and the defendants did not credit the same, and that the plaintiffs paid the defendants the sum of $2,000 by reason of the de-

fendants failing to credit said amount, whereby the defendants failed to keep their covenant.

The fourth count avers the covenant and agreement to sell and convey certain premises described, reserving all rights of the Frizzell Coal Mining Company to mine coal under ten acres of the land, and describing the ten acres which had theretofore been leased to the said Frizzell Coal Mining Company, and avers that by the terms of the lease to the Frizzell Coal Mining Company it was to mine the coal under said ten acres in a lawful manner, according to the rules and regulations governing such mining operations, in such way as to least injure the surface, but avers the Frizzell Coal Mining Company did not do so, and that the plaintiffs purchased said premises from the defendants and by reason of the Frizzell Coal Mining Company failing to work its mine in a proper manner the defendants have not kept their covenant. The fifth count is similar to the fourth, with the addition of averring certain representations made by the plaintiff at the time of executing such lease. A general demurrer was interposed to the declaration, and each and every count thereof was sustained, and plaintiff abiding by their declaration, a judgment was rendered for the defendants for costs, and the plaintiffs appeal and assign for error the sustaining the defendants' demurrer and in rendering judgment against the plaintiffs for costs.

Mr. R. W. S. WHEATLEY, for appellants.

Mr. T. T. FOUNTAIN and BENJAMIN W. POPE, for appellees.

MR. JUSTICE PHILLIPS. The demurrer was general, and the first and third counts are good in substance, and as to them the demurrer should have been overruled. The second count does not aver that any covenant was made, that the coal had not been mined from said land, and hence it stated no covenant as existing, the breach of which is alleged. The fourth count avers no covenant on the part of plaintiffs as to the manner in which the mining was to be done and per-

formed by the Frizzel Coal Mining Company, and hence, under the averments of that count, it does not appear that any liability could exist against plaintiffs for the manner in which that company mined the coal.   The fifth count is like the fourth, with the further averment that representations were made without averring any covenant on the part of the plaintiff.   It was not error to sustain the demurrer to the second, fourth and fifth counts of the declaration.   For the error in sustaining the demurrer to the first and third counts, the judgment is reversed and cause remanded.

*Reversed and remanded.*